UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jared Fiege,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>County of St. Louis; Deputy Jacob Gargano; Sergeant Wade Rasch; Investigator Nick Voltzke; Deputy Matthew Sobczak; Deputy Paige Wedan; Deputy Ryan Smith; Deputy Tanner Banks; Deputy Tony McTavish; Deputy Mark Haselow; Deputy Gerard Gagnon, Sergeant Brandon Silgjord, and J. Does 1-30; all in their individual and official capacities,<br><br>　　　　Defendants. | Civil File No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

## THE PARTIES

1. Plaintiff is an adult male who resides in Minnesota.

2. Defendant County of St. Louis ("St. Louis County") is a political subdivision of the State of Minnesota.  St. Louis County employed Defendants Does 1-30 at all times relevant to this action.  St. Louis County is sued directly and also on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02 for the unlawful conduct of Does 1-30.  St. Louis County is the political subdivision charged with training and supervising Does 1-30.

3. Defendants Gargano, Rasch, Voltzke, Sobczak, Wedan, Smith, Banks, McTavish, Haselow, Gagnon and Silgjord are employees or officials of

St. Louis County whose acts or omissions resulted in Plaintiff experiencing excessive force by law enforcement.

4. Defendants J. Does 1-30 are employees or officials of St. Louis County whose acts or omissions resulted in Plaintiff experiencing excessive force by law enforcement (Does 1-15) or not receiving proper protection from other inmates at the St. Louis County jail (Does 16-30).

## JURISDICTION AND VENUE

5. This is an action for monetary and declaratory relief under 42 U.S.C. §§ 1983 and 1988. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1343(a)(3), 1331, and 1367. Venue lies properly in this district pursuant to 28 U.S.C. § 1391, as the events giving rise to this action occurred in this district and, on information and belief, Defendants reside in this district.

## GENERAL ALLEGATIONS

6. On March 22, 2019, a search warrant was issued for a two-story single-family residence on Independence Road in Saginaw, Minnesota, authorizing law enforcement to enter the residence to arrest Plaintiff on one or more active warrants.

7. At approximately 5:22 p.m. on March 22, 2019, law enforcement officers, including Defendants Deputy Jacob Gargano, Sergeant Rasch, Investigator Voltzke, Deputy Sobczak, Deputy Wedan, Deputy Smith, Deputy Banks, Deputy McTavish, Deputy Haselow, Deputy Gagnon, Sergeant Silgjord,

2

and J. Does 1-15, arrived in the area of the residence on Independence Road in Saginaw, Minnesota and executed the search warrant.

8. Plaintiff was found leaving the home via the back door with his arms raised and hands up. Plaintiff had nothing in his hands. As Plaintiff was instructed by officers to reply to them, he stated loudly that he was coming out the door.

9. One or more Defendants struck Plaintiff even though his hands were up.

10. One or more Defendants used a Taser on Plaintiff even though his hands were up.

11. One or more Defendants deployed a police canine on Plaintiff even though his hands were up, and the canine bit Plaintiff after he was handcuffed.

12. One or more Defendants escorted Plaintiff into the residence on Independence Road in Saginaw, Minnesota.

13. One or more Defendants slammed Plaintiff into the wall inside the residence.

14. One or more Defendants tripped Plaintiff down the stairs inside the residence.

15. One or more Defendants kicked Plaintiff while Plaintiff was on the floor in handcuffs inside the residence, and then removed personal property from Plaintiff that was never inventoried or returned to Plaintiff.

16. One or more Defendants lifted Plaintiff from the ground in a chokehold.

17. One or more Defendants who entered the residence removed other personal property that belonged to Plaintiff (e.g., a laptop computer), did not inventory such property, and have not returned such property to Plaintiff.

18. The force one or more Defendants used on Plaintiff was unauthorized, excessive, and constitutionally improper.

19. One or more Defendants tried to cover up their misconduct by filing a misleading police report in this matter.

20. Plaintiff never physically resisted law enforcement on March 22, 2019 or while subsequently incarcerated at the St. Louis County jail.

21. The severity of any potential crime at issue was de minimis.

22. Plaintiff did not pose an immediate threat to the safety of any law enforcement officers, or others, at any time.

23. Plaintiff did not attempt to evade arrest by flight, and did not actively resist arrest.

24. At the St. Louis County jail, Plaintiff submitted complaints to one or more Doe Defendants, both verbally and in writing, requesting protection from his cellmate.

25. Specifically, Plaintiff reported that his cellmate had exhibited violent tendencies and had threatened to physically assault, batter, and cause physical injuries to Plaintiff.

26. Plaintiff requested that one or more Doe Defendants protect Plaintiff from his cellmate.

27. Plaintiff also requested to be housed separately from his cellmate.

28. One or more Doe Defendants ignored Plaintiff's complaints and instead forced him to continue living with his cellmate.

29. Eventually, after Plaintiff's complaints were ignored, Plaintiff's cellmate physically attacked and assaulted Plaintiff without provocation or justification, and caused Plaintiff to suffer physical injuries, including bruising and swelling.

## COUNT I
### DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – EXCESSIVE FORCE
**(Against Deputy Gargano, Sergeant Rasch, Investigator Voltzke, Deputy Sobczak, Deputy Wedan, Deputy Smith, Deputy Banks, Deputy McTavish, Deputy Haselow, Deputy Gagnon, Sergeant Silgjord, and J. Does 1-15, All in their Individual Capacities)**

30. Plaintiff restates the allegations contained in the previous paragraphs as if fully incorporated herein.

31. One or more Defendants violated Plaintiff's Fourth Amendment right to be free from excessive force.

32. Plaintiff was not actively resisting, fleeing, or a danger to himself or others.

33. Plaintiff had not committed any crime on March 22, 2019 or while subsequently incarcerated at the St. Louis County jail.

34. By the actions described above, one or more Defendants, under the color of state law, violated and deprived Plaintiff of Plaintiff's clearly established and well-settled right to be free from excessive force.

35. One or more Defendants subjected Plaintiff to this deprivation of rights either maliciously or acting with reckless disregard for whether Plaintiff's rights would be violated by these actions.

36. As a direct and proximate result of the acts or omissions of one or more Defendants, Plaintiff suffered injuries, was forced to endure pain and mental suffering, and was thereby damaged in an amount yet to be determined.

37. As a direct and proximate result of the acts or omissions of one or more Defendants, Plaintiff suffered severe medical complications and has incurred medical expenses.

38. Punitive damages are available against one or more Defendants, are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and, as such, are not subject to the differing pleading standard set forth in Minn. Stat. § 549.20.

39. Plaintiff is entitled to recovery of his costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

40. At the time one or more Defendants used force against Plaintiff, it was clearly established that police officers have an affirmative duty to intervene on behalf of people whose Fourth Amendment rights are being violated in their presence by one or more other officers. *Webb v. Hiykel*, 713 F.2d 405, 408 (8th Cir. 1983); *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981).

41. One or more Defendants failed to intervene on Plaintiff's behalf.

42. As a proximate cause of the violation of Plaintiff's rights as stated above, and as protected by the Fourth Amendment to the U.S. Constitution, Plaintiff was injured, thereby entitling Plaintiff to recover damages.

### COUNT II
### DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE EIGHTH AND FOURTEENTH AMENDMENTS – DELIBERATE INDIFFERENCE/FAILURE TO PROTECT (Against J. Does 16-30 in their Individual Capacities)

43. Plaintiff restates the allegations contained in the previous paragraphs as if fully incorporated herein.

44. Based on the above factual allegations, Defendants, through their actions, acting under the color of state law, violated Plaintiff's constitutional rights under the Eighth and/or Fourteenth Amendments to the United States Constitution through their deliberate indifference/reckless disregard towards serious risk of harm to Plaintiff and through their deliberate/reckless failure to protect Plaintiff from serious risk of harm.

45. As a proximate cause of these violations, Plaintiff suffered harm, thereby entitling Plaintiff to recover damages.

46. Plaintiff is entitled to recovery of his costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

## COUNT III
### BATTERY (Against St. Louis County and Deputy Gargano, Sergeant Rasch, Investigator Voltzke, Deputy Sobczak, Deputy Wedan, Deputy Smith, Deputy Banks, Deputy McTavish, Deputy Haselow, Deputy Gagnon, Sergeant Silgjord, and J. Does 1-15, All in their Individual and Official Capacities)

47. Plaintiff restates the preceding paragraphs as though fully stated herein.

48. One or more Defendants caused harmful or offensive contact with Plaintiff.

49. Defendant St. Louis County is vicariously liable to Plaintiff for this battery by one or more of its employees.

50. As a proximate cause of such contact, Plaintiff suffered harm, thereby entitling Plaintiff to recover damages.

## COUNT IV
### NEGLIGENCE (Against St. Louis County and Deputy Gargano, Sergeant Rasch, Investigator Voltzke, Deputy Sobczak, Deputy Wedan, Deputy Smith, Deputy Banks, Deputy McTavish, Deputy Haselow, Deputy Gagnon, Sergeant Silgjord, and J. Does 1-30, All in their Individual and Official Capacities)

51. Plaintiff restates the allegations contained in the preceding paragraphs as though fully incorporated herein.

52. One or more Defendants, by the above-described actions or omissions, breached their duty to exercise a reasonable standard of care toward Plaintiff.

53. These breaches of duty were ministerial in nature.

54. St. Louis County is vicariously liable for the failure of its employees or officials to carry out established orders related to the use of force or the provision of safe housing to people who are incarcerated in its jail.

55. As a proximate cause of such negligence, Plaintiff suffered harm, thereby entitling Plaintiff to recover damages.

## COUNT V
**CONVERSION (Against St. Louis County and Deputy Gargano, Sergeant Rasch, Investigator Voltzke, Deputy Sobczak, Deputy Wedan, Deputy Smith, Deputy Banks, Deputy McTavish, Deputy Haselow, Deputy Gagnon, Sergeant Silgjord, and J. Does 1-15, All in their Individual and Official Capacities)**

56. Plaintiff restates the previous paragraphs as though fully incorporated herein.

57. By their conduct detailed above, one or more Defendants acted in a manner contrary to Plaintiff's personal property rights.

58. By their conduct detailed above, one or more Defendants intentionally destroyed, diminished, damaged, and/or changed Plaintiff's personal property.

59. By their conduct detailed above, one or more Defendants intentionally deprived Plaintiff of possession of his personal property.

60. Defendant St. Louis County is vicariously liable to Plaintiff for this conversion by one or more of its employees.

61. The actions of one or more Defendants caused Plaintiff to suffer harm, including but not limited to: loss of his personal property.

## COUNT VI
### NEGLIGENCE PER SE – CIVIL THEFT IN VIOLATION OF MINN. STAT. § 604.14 (Against St. Louis County and Deputy Gargano, Sergeant Rasch, Investigator Voltzke, Deputy Sobczak, Deputy Wedan, Deputy Smith, Deputy Banks, Deputy McTavish, Deputy Haselow, Deputy Gagnon, Sergeant Silgjord, and J. Does 1-15, All in their Individual and Official Capacities)

62. Plaintiff restates the preceding paragraphs as if fully stated herein.

63. One or more Defendants unlawfully took and deprived Plaintiff's personal property in violation of Minn. Stat. § 604.14, and have no intention of returning the personal property.

64. Defendant St. Louis County is vicariously liable to Plaintiff for this theft by one or more of its employees.

65. The actions of one or more Defendants caused Plaintiff to suffer harm, including, but not limited to: loss of his personal property.

## JURY DEMAND

Plaintiff demands a jury trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Enter judgment against Defendants for compensatory damages in an amount exceeding $50,000, together with costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988, and prejudgment interest;

2. Enter judgment against Defendants for punitive damages in an amount to be determined by the jury; and

3. Grant such other relief as this Court deems just and equitable.



Dated: September 18, 2019

        _____
Tim M. Phillips (#390907)
tphillips@jrwilliamslaw.com
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile


Dated: September 18, 2019

By: s/ Zorislav R. Leyderman
ZORISLAV R. LEYDERMAN
Attorney License No. 0391286
Attorney for Plaintiff
The Law Office of Zorislav R. Leyderman
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com

**ATTORNEYS FOR PLAINTIFF**